# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.             Case No. 07-CR-123

**BETTY CLARK**
   **Defendant.**

## SENTENCING MEMORANDUM

  The government charged defendant Betty Clark with participating in a cocaine distribution conspiracy, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846, and she entered a plea of guilty to the charge. The probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing, setting a base offense level of 20, U.S.S.G. § 2D1.1(c)(10), then subtracting 2 because defendant qualified for the safety valve, U.S.S.G. § 2D1.1(b)(11), and 3 for acceptance of responsibility, § 3E1.1, for a final level of 15. Coupled with a criminal history category of I, the PSR recommended an imprisonment range of 18-24 months under the advisory sentencing guidelines. I found these calculations correct and adopted them without objection. I turned then to imposition of sentence under 18 U.S.C. § 3553(a). The parties jointly recommended probation, and under all the circumstances I found such a sentence sufficient to satisfy the purposes of sentencing.

### I. SECTION 3553(a)

Section 3553(a) directs the court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>    (B) to afford adequate deterrence to criminal conduct;
>
>    (C) to protect the public from further crimes of the defendant; and
>
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)  the kinds of sentences available;
>
> (4)  the advisory guideline range;
>
> (5)  any pertinent policy statements issued by the Sentencing Commission;
>
> (6)  the need to avoid unwarranted sentence disparities; and
>
> (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing, which are just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough v. United States, 128 S. Ct. 558, 570 (2007).

The district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place "any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir.2007); see also United States v. Carter, 530 F.3d 565, 578 (7th Cir. 2008) (stating that the guidelines "are but one factor among those listed in 18 U.S.C. § 3553(a)"). The court is free to determine in a particular case that a probationary sentence better serves the statutory purposes of sentencing, notwithstanding the guidelines'

2

recommendation of prison. See Gall, 128 S. Ct. at 595-96.

## II. DISCUSSION

Defendant's prosecution arose out of a government investigation of several large-scale, Milwaukee-area cocaine dealers, one of whom identified defendant as a regular customer. In a post-arrest de-briefing, this dealer stated that on about thirty occasions he delivered cocaine to defendant's apartment, in amounts ranging from $20 to $100, some of which defendant would use herself and some of which she shared with others who had chipped in on the purchase price. The parties agreed that defendant should be held accountable for 200-300 grams of cocaine. They also agreed that she qualified for the safety valve based on the mitigated nature of the offense, her lack of record, and her willingness to tell the government all she knew about the offense.

Defendant otherwise presented as an unusual defendant for this type of case. Sixty-one years old, she had no prior record. Due to a confluence of unfortunate circumstances, she became involved with drugs in middle age. Two of defendant's sons were murdered, and a third sent to prison. She then developed breast cancer, as well as other serious medical problems, which required her to leave her job of more than twenty-six years at Briggs and Stratton and go on disability. She started using cocaine, found a steady source of supply and became addicted in her 50's.

After some early positives on pre-trial release, defendant remained clean for several months before sentencing. She participated in counseling, and her counselor made positive statements. She also reconnected with her family, joined a church and attempted to cooperate with the government in its investigation.

The guidelines recommended 18-24 months in prison, but I found a sentence of

3

probation sufficient. First, defendant primarily obtained cocaine for her own personal use, rather than to re-sell to others. I also considered the unfortunate circumstances leading to defendant's involvement in this conduct in middle-age. For these reasons, prison was not necessary to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Second, given her age, infirmity and lack of record, prison was not necessary to protect the public or deter defendant from re-offending. Due to her health problems, she spent most of her time at home, and for that reason I also declined to impose home confinement as it would not really add much to the sentence. I also took into account defendant's recent good conduct, abstaining from drugs, attempting to cooperate with the government and making other positive changes in her life. See 18 U.S.C. § 3553(a)(2)(B) & (C). Finally, I found that defendant's treatment needs were best met in the community. See 18 U.S.C. § 3553(a)(2)(D).

## III. CONCLUSION

Therefore, I placed defendant on probation for four years. I selected a longer term to ensure that she stayed clean and avoided further criminal associations. As conditions, I ordered her to participate in drug testing and treatment, and a mental health treatment program. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

4